1   0

2

3

4

5

6

7

8

9

10                    **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION**

12

RAY L. DOTY,                    )   Case No. SA CV 15-00507-AS
13                              )
              Plaintiff,        )   **MEMORANDUM OPINION**
14                              )
      v.                        )
15                              )
CAROLYN W. COLVIN,              )
16   Acting Commissioner of the )
Social Security Administration,)
17                              )
              Defendant.        )
18   _____ )

19

20                           **PROCEEDINGS**

21

22       On April 1, 2015, Plaintiff filed a Complaint seeking review of the

23   denial  of  his  applications  for  Disability  Insurance  Benefits  and

24   Supplemental  Security  Income.  (Docket  Entry  No.  1).  The  parties  have

25   consented  to  proceed  before  the  undersigned  United  States  Magistrate

26   Judge.  (Docket  Entry  Nos.  11-12).  On  August  25,  2015,  Defendant  filed

27   an  Answer  along  with  the  Administrative  Record  ("AR").  (Docket  Entry

28   Nos. 15-16). On December 4, 2015, the parties filed a Joint Stipulation

("Joint Stip.") setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 20).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures In Social Security Case," filed April 6, 2015 (Docket Entry No. 9).

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 10, 2010, Plaintiff, formerly employed as a movie theater manager, automobile sales manager, and a tech support person (see AR 77, 174-79, 1272-74, 1280-82, 1286, 1304-06), filed an application for Disability Insurance Benefits alleging a disability since December 12, 2008. (See AR 142-43). On October 5, 2011, the Administrative Law Judge ("ALJ"), Helen E. Hesse, heard testimony from Plaintiff (represented by counsel), medical expert Joseph Jensen, and vocational expert Alan Boroskin. (See AR 64-96). On November 4, 2011, the ALJ issued a decision denying Plaintiff's application. (See AR 10-21). After determining that Plaintiff had severe impairments -- "chronic low back problems; right greater trochanter bursitis; and status post shoulder surgery" (AR 19-21) --, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[1] to perform light work[2] with the following limitations: standing or walking for 4 hours in an 8-hour workday; sitting for 6 hours in an 8-hour workday, with the

---

[1]    A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[2]    "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

opportunity to change position up to 5 minutes every hour; climbing stairs, bending, balancing, stooping, kneeling, crouching, or crawling occasionally; as a prophylactic measure, precluded from climbing ladders, ropes, or scaffolds or working at unprotected heights; and can occasionally reach above the shoulder level with his right upper extremity.  (AR 22-24).  Finding that Plaintiff was capable of performing his past relevant work as a computer tech support person, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 24-25).

Plaintiff requested that the Appeals Council review the ALJ's 2011 Decision.  (See AR 10-13).  The request was denied on January 25, 2013. (See AR 4-8).  The ALJ's 2011 Decision then became the final decision of the Commissioner, allowing this Court to review the decision.  See 42 U.S.C. §§ 405(g), 1383(c).

On April 1, 2013, Plaintiff filed a Complaint seeking a review of his application for Disability Insurance Benefits.  (See AR 1340-42; Case No. SA CV 13-00496-AS, Docket Entry No. 4).

On July 15, 2013 (while the April 1, 2013 Complaint was pending), Plaintiff filed an application for Supplemental Security Income, alleging a disability since January 1, 2009.  (See AR 1562-70).

On November 14, 2013, the Court issued an Order remanding the case pursuant to the parties' Stipulation to a Voluntary Remand to remand the case to the ALJ to "(1) further consider whether Plaintiff has past relevant work he could perform with the limitations established by the

3

evidence; and if appropriate, (2) obtain supplemental vocational expert testimony regarding Plaintiff's ability to perform work that exists in significant numbers in the national economy and ensure that the vocational expert's testimony does not conflict with the *Dictionary of Occupational Titles* in accordance with Social Security Ruling 00-4p." (See AR 1356-57; Case No. SA CV 13-00496-AS, Docket Entry Nos. 22-23). Judgment was entered that same date. (See AR 1358-59; Case No. SA CV 13-00496-AS, Docket Entry No. 24).[3]

On January 29, 2014, the Appeals Council issued an order vacating the ALJ's 2011 Decision and remanding the matter to the ALJ to "[u]pdate the treatment evidence on the claimant's medical condition consistent with the requirements of 20 CFR 404.1512-1513[,] [f]urther consider the claimant's residual functional capacity on the updated record, citing specific evidence in support of the assessed limitations (20 CFR 404.1545)[,] [f]urther consider whether the claimant has past relevant work he could perform with the limitations established by the evidence (Social Security Rulings 82-61 and 82-62)[,] and [s]ecure supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupation base (Social Security Rulings 83-14 and 85-15)." (See AR 1362-63).

On August 6, 2014 (on remand), the ALJ heard testimony from Plaintiff (represented by counsel) and vocational expert Luis Mas. (See

---

[3] The Court takes judicial notice of the files and dockets in Petitioner's cases filed in this Court. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). See Ray L. Doty v. Carolyn W. Colvin, Case No. SA CV 13-00496-AS.

4

AR 1257-1317).  On December 17, 2014, the ALJ issued a decision denying Plaintiff's applications.  (See AR 1236-49 ).  After determining that Plaintiff had severe impairments -- "status-post right shoulder surgery (1985-1987); chronic low back pain (defect in 1 percent posterior arch/spondylolisthesis right L5 vertebrae; and right greater trocantor bursitis" (AR 1239-42) --, the ALJ found that Plaintiff had the RFC to perform light work with the following limitations: "he can only stand and/or walk for four hours total during in an eight-hour workday and must be allowed to change position briefly, up to five minutes per hour; can climb stairs occasionaly but cannot climb ladders, ropes or scaffolds; can occasionally bend, balance, stoop, kneel, crouch and crawl; cannot work at unprotected heights; and can reach overhead with his right upper extremity on an occasional basis only." (AR 1242-43).  After finding that Plaintiff was unable to perform any past relevant work (AR 1247), the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform, and therefore found that Plaintiff was not disabled within the meaning of the Social Security Act. (1247-49).

There is nothing in the record to indicate that Plaintiff requested review of the ALJ's 2014 Decision.  Thus, the ALJ's 2014 Decision became the final decision of the Commissioner, allowing this Court to review the decision.  See 42 U.S.C. §§ 405(g), 1383(c).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in determining that Plaintiff could perform the alternative work given the ALJ's RFC assessment. (See Joint Stip. at 6-13, 21).

**DISCUSSION**

**A.    The ALJ's Error in Failing to Ask the Vocational Expert Whether His Testimony was in Conflict with the DOT was Harmless**

Plaintiff asserts that the ALJ erred in relying on the vocational expert's testimony to find that Plaintiff could perform the counter clerk and ticket taker jobs based on the ALJ's RFC assessment, specifically, the ALJ's finding that Plaintiff "must be allowed to change position briefly, up to five minutes per hour." (Joint Stip. at 7). Plaintiff claims that the vocational expert's testimony that Plaintiff could perform those jobs conflicts with the description of those jobs in the Dictionary of Occupational Titles ("DOT") with respect to the need to alternate position up to 5 minutes per hour and the ALJ was required, but failed, to elicit from the vocational expert a reasonable explanation for the deviation from the DOT. (See Joint Stip. at 6-13, 21). Plaintiff contends that the DOT's description of these jobs does not indicate that the jobs allow for the opportunity to change positions. Id.

Defendant contends that the ALJ's error in failing to ask the vocational expert whether his testimony conflicted with the DOT was

harmless, because (1) there was no conflict between the vocational expert's testimony and the DOT with respect to the need to alternate positions up to 5 minutes every hour since the DOT does not discuss the availability of an option to alternate positions; and (2) the vocational expert reduced the number of jobs available to account for the need to alternate positions. (See Joint Stip. at 13-21).

At the August 6, 2014 hearing, the ALJ asked the vocational expert whether a hypothetical person -- who, inter alia, could stand or walk 4 hours out of an 8-hour workday and sit 6 hours out of an 8-hour workday but must be able to change positions briefly up to five minutes every hour; lift 20 pounds occasionally and 10 pounds frequently; climb stairs, bend, balance, stoop, kneel, crouch and crawl occasionally; precluded from climbing ladders, ropes or scaffolds and from working at unprotected heights; and can reach above the shoulder with the right upper extremity occasionally, -- could perform any of the plaintiff's past relevant work. The vocational expert testified that such a person could perform Plaintiff's past positions as computer tech support and auction clerk as actually performed and according to the descriptions in the DOT. (See AR 1276-77, 1287-88).

The ALJ then asked the VE whether the same hypothetical person had skills that would allow them to do any other work -- without any reference to the Plaintiff's past positions as computer tech support and auction clerk. The vocational expert testified that Plaintiff's computer skills would not transfer to other computer jobs but Plaintiff's other skills would transfer to the following jobs: general office clerk (DOT 219.362-010, semi-skilled, light work, 207,000

national jobs); and distribution clerk (DOT 209.687-014, semi-skilled, light work, 189,000 national jobs).  (See AR 1290).

The following exchange then took place:

[ALJ]     Okay, and f[o]r these jobs, categories through the light level and the hypothetical was not, it was slightly reduced range of light in the fact that standing and walking was two hours out of eight, changing position briefly after five minutes every hour –

[VE]     I'm sorry, Your Honor, mine is standing and walking four hours our of eight, sitting six out of eight.

[ALJ]     I'm sorry, yes, your's right.  I'm mixing them up again.  I'm sorry.  You're correct.

[VE]     If it's two hours out of eight then this will –

[ALJ]     No, no.  Standing and walking four of eight, sitting six of eight.  Can this hypothetical person do the full range of general office clerk and distribution clerk jobs that you named or is there a reduction due to the reduced standing and walking?

[VE]     I would reduce these numbers now that you've outlined that.  I would reduce them by 50 percent, which would give us 103,500 and 94,000 approximately.

[ALJ]     94,500 okay.   And that's because of the standing and walking and the changing position every hour?

[VE]     Yes, your Honor, that's correct.

(AR 1290-91).

The ALJ later asked the vocational expert whether the original hypothetical person -- who could sit 6 out of 8 hours; could stand and/or walk 4 out of 8 hours, with normal workday breaks, changing positions briefly up to 5 minutes every hours; could lift 20 pounds occasionally and 10 pounds frequently; could climb stairs, bend, balance and stoop occasionally; could not crouch or crawl; could not climb ladders, ropes or scaffolds, or work at unprotected heights; and could reach above the shoulder occasionally with the right upper extremity -- who could *not* do any of Plaintiff's past relevant work, could do other unskilled, light jobs.  The vocational expert testified that, based on his experience, such a person could do the following jobs: counter clerk (DOT 249.366-010, Specific Vocational Preparation 2, unskilled, light work, 170,000 national jobs); and ticket taker (DOT 344.667-010, Specific Vocational Preparation 2, unskilled, light work, 52,000 national jobs).  The vocational expert testified that he had given the number of national jobs for these positions a 50 percent reduction based on the ability to stand and/or walk 4 out of 8 hours. (AR 1312-13).

Immediately thereafter, Plaintiff's counsel asked, "I was just wondering.  The (sic) did the last hypothetical you just asked, I think it was number four, did it include the need every hour to change positions up to five minutes?"  The ALJ responded, "Yes, it did.  It was the exact same hypothetical one, I just restated it in case we had forgotten."  (See AR 1313-14).  Following the ALJ's response, the vocational expert did not change his testimony concerning the last hypothetical.

In the 2014 Decision, the ALJ wrote:

To determine the extent to which these limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as: [¶] [] Counter Clerk (DOT# 249.366-010; SVP 2; 170,000 positions nationally (number eroded by 50 percent to reflect the limitation to standing and/or walking for only four hours total during an eight hour workday) [and] [¶] [] Ticket Taker (DOT#344.667-010; SVP 2; 52,000 positions nationally (numbers also eroded by 50 percent).

Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles. The undersigned further notes that, according to the vocational expert, the number of jobs referenced above reflect a percent erosion to reflect the four-hour standing/walking limitation, which is an appropriate reduction for this functional limitation based on his experience.

Accordingly, based on the testimony of the vocational expert, the undersigned thus concludes that, considering the

claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.

(AR 1248).

An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling 00-4p). If there is a conflict between the vocational expert's testimony and the DOT, an ALJ must determine whether there is a reasonable explanation for the deviation. Id. See also Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) ("[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation."). An ALJ's failure to ask whether a vocational expert's testimony conflicts with the DOT is harmless error when there is no conflict or when the vocational expert "ha[s] provided sufficient support for her [or his] conclusion so as to justify any potential conflicts[.]" Massachi, 486 F.3d at 1154 n.19. Reasonable explanations for deviating from the DOT include that the DOT "does not provide information about all occupations, information about a particular job not listed in the [DOT] may be available elsewhere, and the general descriptions in the [DOT] may not apply to specific situations." Id. at 1153, n.17 (citing SSR 00-4p).

The ALJ did not question the vocational expert as to whether his testimony -- that a hypothetical person with Plaintiff's RFC, including the need to change position for up to 5 minutes every hour, could perform the counter clerk and ticket taker jobs -- conflicted with the description of those jobs in the DOT.  Therefore, the issue in this case is whether the ALJ's error was harmless.

Plaintiff and Defendant acknowledge that the DOT descriptions for the jobs of counter clerk and ticket taker (DOT 249.366-010 and DOT 344.667-010) *do not* address the change of position option.  (See Joint Stip. at 8, 13).  Plaintiff relies on two cases from the United States District Court of the Northern District of California -- Smith v. Astrue, 2010 WL 57776060, *11-*12 (N.D. Cal. Sept. 16, 2010) and Valenzuela v. Astrue, 2009 WL 1537876, *3 (N.D. Cal. June 2, 2009) -- to support his assertion that there was a conflict between the vocational expert's testimony and the DOT.

"The Ninth Circuit has not addressed the question of whether an apparent conflict with the DOT arises when the DOT is silent as to a particular mental or physical requirement," including a sit/stand option.  Winder v. Calvin, 2014 WL 4060010, *3 (C.D. Cal. August 14, 2014).  This Court agrees with the decisions from other circuits and district courts that have found no conflict when the DOT is silent about a particular mental or physical requirement.  See e.g., Forrest v. Commissioner of Social Sec., 591 Fed.Appx. 359, 364 (6th Cir. 2014) ("But the *DOT* does not discuss whether jobs have a sit/stand option..., and therefore the vocational expert's testimony supplemented, rather than conflicted with, *DOT* job descriptions."); Zblewski v. Astrue, 302

Fed.Appx. 488, 494 (7th Cir. 2008) ("Because the *DOT* does not address the subject of sit/stand options, it is not apparent that the testimony conflicts with the *DOT*."); <u>Winder v. Colvin</u>, <u>supra</u>, at *4 ("This court agrees with the decisions that decline to find an 'apparent' conflict when the DOT is silent about a particular mental or physical requirement and the claimant's counsel failed to raise or identify any conflict to the ALJ."); <u>Herrera v. Colvin</u>, 2014 WL 3572227, *9 (C.D. Cal. July 21, 2014) ("[T]he DOT is silent as to whether [the jobs identified by the VE] can accommodate a sit/stand option . . . [and] the VE's testimony supplemented the DOT in this regard."); <u>Strain v. Colvin</u>, 2014 WL 2472312, *2 (C.D. Cal June 2, 2014) ("[T]he VE's testimony based on the sit/stand restriction does not conflict with the DOT but instead provides 'more specific information than is contained in the DOT.'")(citation omitted).[4] Accordingly, the Court finds that since there

---

[4]    See <u>Gilmour v. Colvin</u>, 2014 WL 3749458, *8 (E.D. Cal. July 29, 2014) ("The DOT does not discuss the impact of a sit/stand option, and the Ninth Circuit has not considered whether a sit/stand option creates a conflict with any of the occupations in the DOT.   Thus, it was appropriate for the ALJ to rely on the VE's expertise in knowing which jobs would be precluded by a stand/sit option."); <u>McBride v. Comm'r of Soc. Sec.</u>, 2014 WL 788685, *8 (E.D. Cal. Feb. 25, 2014) ("The DOT does not address the issue of a sit/stand option for these positions, but there does not appear to be any conflict with plaintiff's need to sit after an hour of standing, as the VE testified.   Therefore, the undersigned sees no apparent conflict between the VE's testimony and the DOT."); <u>Perea v. Commissioner of Social Sec.</u>, 2012 WL 1131527, *12 (E.D. Cal. March 30, 2012) ("A conflict would exist if the DOT said one thing and the vocational expert said another.   There can be no conflict where the DOT is silent because there is nothing as to which the vocational expert's testimony is in disagreement."); <u>Conn v. Astrue</u>, 852 F.Supp.2d 517, 528 (D. Del. 2012) ("[T]he VE's testimony and the DOT are not in conflict; the DOT simply does not address sit/stand options."); <u>Harvey v. Astrue</u>, 2010 WL 2836817, *14 (N.D. Cal. July 16, 2010) ("Where the DOT does not include information about a particular aspect of a job--such as the existence of a sit/stand option--it is proper to consult with a VE, as SSR 83-12 instructs.   Such testimony supplements the DOT, rather than conflicting with it."); <u>but see e.g.</u>, <u>Lorigo v. Colvin</u>, 2014 WL 1577317, *11 (E.D. Cal. April 18, 2014); <u>Hill v. Colvin</u>, 2015 WL
(continued...)

was no apparent conflict between the vocational expert's testimony and the DOT, the ALJ's error was harmless.

Moreover, the vocational expert's testimony that he reduced the number of counter clerk and ticket taker jobs available to account for the limitations of standing and/or walking for 4 hours out of 8-hour workday <u>and</u> for the need to change position for up to 5 minutes every hour (<u>see</u> AR 1312-14; <u>see</u> <u>also</u> AR 1276-77, 1287-88, 1290-91) also rendered the ALJ's error harmless.   <u>See</u> <u>Bowen v. Colvin</u>, 2015 WL 5232373, *6 (E.D. Cal. Sept. 8, 2015) ("A number of courts have found that where the VE has reduced the number of available jobs to account for the sit/stand option, any error stemming from such testimony is rendered harmless."); <u>Gilmour v. Colvin</u>, <u>supra</u> (finding harmless error where the vocational expert reduced the number of jobs available to account for the claimant's need for a sit/stand option); <u>Herrera v. Colvin</u>, <u>supra</u> ("The VE thus rendered an expert opinion on the lack of occupational erosion caused by the sit/stand option as to the hand bander and table worker jobs.   While the VE did not detail the reasons for this determination, she was not required to. . . .   Accordingly, the ALJ met his burden for obtaining persuasive evidence to support the deviation.").

---

[4]   (...continued)
5708465, *4-5 (C.D. Cal. September 29, 2015); <u>McCabe v. Colvin</u>, 2015 WL 4740509, *12 (D. Nev. August 10, 2015); <u>Cooley v. Astrue</u>, 2011 WL 2554222 (C.D. Cal. June 27, 2011); <u>Smith v. Astrue</u>, <u>supra</u>; <u>Valenzuela v. Astrue</u>, <u>supra</u>.

**ORDER**

    For the foregoing reasons, the decision of the Commissioner is affirmed.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 18, 2016

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
